10-5047-cr
USA v. Freeman

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of November, two thousand eleven.

Present:
> RALPH K. WINTER,
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                    No. 10-5047-cr

DANIEL FREEMAN,

> *Defendant-Appellant*.

_____

For Defendant-Appellant:          John C. Meringolo, Meringolo & Associates, P.C., New York, N.Y.

For Appellee:                              Brent S. Wible, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, *of counsel*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (McMahon, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Daniel Freeman appeals from a December 9, 2010, judgment of conviction entered by the United States District Court for the Southern District of New York (McMahon, *J.*). Between September 2004 and May 2009, Freeman served as a senior subcontracts supervisor for KBR, Inc., a private company that contracted with the United States Army to provide logistical support to U.S. troops in Afghanistan. Beginning in January 2007, Freeman accepted a series of cash payments amounting to approximately $200,000 from persons who represented entities that had been awarded KBR subcontracts, and then transferred these funds from Afghanistan to the United States through wire transfers in amounts designed to avoid detection. On August 26, 2010, Freeman pled guilty to a two-count information charging him with accepting illegal gratuities in violation of 18 U.S.C. § 666(a)(1)(B) and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). The district court sentenced Freeman principally to a term of 41 months' imprisonment. On appeal, Freeman contends that the district court's sentence was based on clearly erroneous factual findings and unwarranted assumptions about the national security implications of Freeman's conduct. We presume the parties' familiarity with the facts and procedural history of this case.

"[W]e review a challenged sentence for its procedural and substantive reasonableness under an abuse of discretion standard. We review legal questions de novo, and we review the district court's factual determinations under a clear error standard." *United States v. Sabhnani*, 599 F.3d 215, 250 (2d Cir. 2010) (citation omitted). A district court commits procedural error

when it, *inter alia*, "select[s] a sentence based on clearly erroneous facts." *Gall v. United States*, 552 U.S. 38, 51 (2007). In determining the appropriate sentence, the district court must consider all the factors set forth in 18 U.S.C. § 3553(a) and "make an individualized assessment based on the facts presented." *Id.* at 49-50.

Freeman argues that the sentence imposed by the district court was based on incorrect factual findings and assumptions. In particular, he takes issue with the district court's statement that it "ha[d] to assume that everything that is done over there [in Afghanistan] has some impact on the [lives] of American soldiers and Marines, men and women who are making tremendous sacrifices on behalf of our country," and the court's stated desire to "send a message to other people who are in your situation . . . that this kind of behavior will not be tolerated . . . and will be punished severely, not with a slap on the wrist." He contends that the district court erred in assuming that Freeman's conduct posed a danger to the U.S. military when the record lacked sufficient detail about the consequences of Freeman's offense.

Our review of the district court's remarks does not convince us that Freeman's sentence rested on unwarranted assumptions or erroneous factual findings. The court made no finding that Freeman's conduct actually endangered U.S. troops in Afghanistan; rather, the court acknowledged that "there's no way really to know exactly" what the consequences of Freeman's conduct would be. To the extent that the district court's remarks reflected a view that Freeman's conduct may have had some effect on the U.S. military, such a conclusion would be a reasonable inference drawn from the undisputed facts of Freeman's offense, and therefore would not evince procedural error. *See Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007) (observing that under the "clear error" standard of review, "[s]o long as there is a basis in the evidence for a

challenged inference, we do not question whether a different inference was available or more likely").[1]

Freeman also argues that the district court's erroneous assumptions led it to overemphasize the need for the sentence imposed to promote general deterrence. For the reasons stated above, we think the premise of this argument is mistaken, as the sentence was not based on inaccurate assumptions. At any rate, "[t]he weight to be afforded any given argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006). Here, the district court based its sentence not only on "[t]he need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(1)(2)(B), but also on, *inter alia*, "the history and characteristics of the defendant," *id.* § 3553(a)(1), including Freeman's lack of criminal history and the unlikelihood that he would reoffend. Freeman does not challenge the substantive reasonableness of his sentence, and we detect no indication that the term of 41 months' imprisonment, which represents the bottom end of the Guidelines range applicable to his offenses of conviction, was "shockingly high . . . or

---

[1] Freeman's brief also proffers additional facts about the offense conduct, which were not raised below, that purportedly belie the district court's assumption that Freeman's actions endangered U.S. troops. The brief asserts, for example, that even if Freeman gave preliminary approval to a subcontractor, that subcontractor would still be required to receive clearance from the U.S. military in order to be allowed onto the military base. Even if this information had been presented to the district court, it would not follow that Freeman's conduct could not possibly have endangered the military, as one could easily envision risks to U.S. interests that do not require a subcontractor's physical entry. In any event, Freeman cannot demonstrate that the absence of these facts from the record amounted to plain error. *See United States v. Villafuerte*, 502 F.3d 204, 208-09 (2d Cir. 2007).

4

otherwise unsupportable as a matter of law." *United States v. Preacely*, 628 F.3d 72, 83 (2d Cir.

2010) (internal quotation marks omitted).

We have considered Freeman's remaining arguments and find them to be without merit.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK